UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-00482-FWS-JDE                                   Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                           Attorneys Present for Defendants:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION [9]**

Before the court is Plaintiff Joel Zalvin's ("Plaintiff") *Ex Parte* Application ("Application" or "App."). (Dkt. 9.) Defendant Axonics, Inc. ("Defendant Axonics") opposed the Application ("Opposition" or "Opp.").[1] (Dkt. 10.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Application.

I.      Legal Standards

   A.      *Ex Parte* Standard

---

[1] As of the date of this Order, Defendants Michael Carrel, Raymond Coehn, David Demski, Jane Kiernan, Esteban Lopez, Robert McNamara, Nancy Synderman, and Boston Scientific Corporation have not opposed the Application. (*See generally* Dkt.)

**CIVIL MINUTES – GENERAL**                                                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE  Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013). The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE                                    Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

> orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

### B. Motion to Remand

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE                                                    Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

185, 195-96 (1990); *Johnson*, 437 F.3d at 899.  If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return.  *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## II.     Discussion

Plaintiff initiated this action in Orange County Superior Court on February 28, 2024.  (Dkt. 1-2 ("Compl.").)  On March 5, 2024, Plaintiff received the summons and complaint from the Clerk of the Orange County Superior Court.  (Dkt. 9-1 ¶ 3 & Exh. 2.)  On March 6, 2024, Defendant Axonics removed this action pursuant to 28 U.S.C. § 1332.  (Dkt. 1.)  Plaintiff served Defendant Axonics later that same day.  (*See* Dkt. 9-1 ¶ 4 & Exh. 3.)

Plaintiff now requests that the court remand this action to Orange County Superior Court pursuant to the forum defendant rule because both Defendant Axonics and Defendant McNamara[2] are citizens of California.  (App. at 3-5.)  Plaintiff argues *ex parte* relief is necessary because Plaintiff "seeks to enjoin the closing of the shareholder vote on a corporate

---

[2] Plaintiff has not provided any proof of service as to Defendant McNamara and does not argue Defendant McNamara was served prior to removal.  (*See generally* Dkt.; App.)

**CIVIL MINUTES – GENERAL**                                                                                          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE                                        Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

proposal to merge Axonics[] with [D]efendant Boston Scientific Corporation" scheduled for March 22, 2024, and "Plaintiff will be deprived of his right to file a motion in [s]tate court to enjoin or temporarily restrain the closing of the vote" if the Application is not heard on an emergency basis. (*Id.* at 2.)

Defendant Axonics argues Plaintiff has failed to meet the *ex parte* standard by demonstrating either immediate and irreparable harm or that he did not create the crisis necessitating *ex parte* relief. (Opp. at 8-10.) Defendant further argues removal was proper under 28 U.S.C. § 1441(b)(2). (*Id.* at 10-18.)

The court finds Plaintiff has not met the standard for *ex parte* relief. As discussed above, a party seeking *ex parte* relief must establish that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures. *Mission Power*, 883 F. Supp. at 490. Here, Plaintiff argues only that he will be "deprived of his right" to file a motion for preliminary injunction in state court. (App. at 2.) However, Plaintiff's preference that his motion for preliminary injunction be heard in state court is insufficient to demonstrate "a threat of immediate or irreparable injury," especially because Plaintiff can request equivalent injunctive relief in federal court. *See, e.g.*, *Horne*, 969 F. Supp. 2d at 1206 ("Plaintiffs . . . seek an order remanding the case to state court so they can then pursue injunctive relief in their preferred forum . . . [but] identify no reason why a change of venue is necessary to prevent immediate or irreparable injury."); *Montes v. U.S. Nat'l Bank Assoc.*, 2010 WL 11597574, at *2 (C.D. Cal. Jan. 12, 2010) (denying *ex parte* application to remand based on lack of irreparable injury because "Plaintiff's unlawful detainer action would not necessarily be impacted by an immediate remand of his case," "his claims against Defendant [would not] be prejudiced if his motion were scheduled according to normal motion procedures," and "Defendant should be afforded an opportunity to fully address the merits of Plaintiff's remand request"). Because Plaintiff has not adequately demonstrated any irreparable injury necessitating *ex parte* relief, the court **DENIES** the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE  Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

Alternatively, even if Plaintiff had met the *ex parte* standard, the court finds insufficient grounds to remand. Plaintiff challenges Defendant Axonics' "snap removal," or "[t]he practice of circumventing application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023). Plaintiff argues that this case should be remanded because Defendant Axonics is a forum defendant precluded from removing on the basis of diversity jurisdiction under 28 U.S.C. § 1404(b)(2) regardless of when service occurred. (App. at 4-5.) Defendant contends removal was proper pursuant to section 1404(b)(2) because: (1) the statute's plain language allows a forum defendant to remove prior to being served; (2) the Ninth Circuit has interpreted identical language in 28 U.S.C. § 1446(b)(2)(A)[3] to apply only to defendants that have been served; and (3) pre-service removal by forum defendants does not produce absurd results. (*Id.* at 10-18.)

The court finds removal was proper. In the absence of binding precedent from the Ninth Circuit or Supreme Court, the court looks to "the language of the statute itself." *Republic of Sudan v. Harrison*, 587 U.S. ----, 139 S. Ct. 1048, 1056 (2019) (internal quotation marks and citations omitted). 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The plain language of section 1441(b)(2) is unambiguous: the text prohibits removal only where a forum defendant has been

---

[3] Section 1446(b)(2)(A), or the defendant unanimity rule, requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In *Baiul v. NBS Sports*, 732 F. App'x 529 (9th Cir. 2018), the Ninth Circuit interpreted section 1446(b)(2)(A)'s language as requiring only the consent of those defendants who "ha[d] been properly joined and served" at the time of removal. 732 F. App'x at 531 ("Baiul did not serve OII until after NBC had already removed the case on the basis of diversity jurisdiction. Thus, at the time of removal, all defendants who had been "properly joined *and served*"—*i.e.*, NBC only—"join[ed] in or consent[ed] to the removal of the action," which is all that § 1446(b)(2)(A) requires.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE                               Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

"properly joined *and served*." *Id.* (emphasis added); *see also Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019). Thus, per section's 1441(b)(2)'s text, a forum defendant may properly remove under section 1441(a) prior to being served "so long as a federal district court can assume jurisdiction over the action."[4] *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).

---

[4] In support of his request, Plaintiff cites to this court's decision granting a motion to remand based on a defendant's snap removal in *United States Bank National Bank Association v. Pacific Life Insurance Company*, 2023 WL 8890832 (C.D. Cal. Dec. 23, 2023). However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore *et al.*, Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). After reviewing the relevant authorities, the court is persuaded by the reasoning of those courts in the Central and Northern Districts of California (as well as the three circuit courts to address the issue) that have determined section 1441(b)(2)'s plain language permits pre-service removal by a forum defendant. *See, e.g.*, *Encompass Inc. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("[T]he language of the forum defendant rule in section 1441(b)(2) . . . precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Gibbons*, 919 F.3d at 705 (same); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020) (same); *Dechow*, 358 F. Supp. 3d at 1055 (denying motion to remand based on pre-service removal by in-state defendant); *Kornfeind v. Kia Am., Inc.*, 2023 WL 8456111, at *2–3 (C.D. Cal. Dec. 6, 2023) (same); *Harrison v. Sonesta Int'l Hotels Corp.*, 2023 WL 5351873, at *3–4 (C.D. Cal. Aug. 18, 2023) (same); *Guillen v. Vie De France Yamazaki, Inc.*, 2022 WL 3211219, at *2–3 (C.D. Cal. Aug. 9, 2022) (same); *Humana, Inc. v. Handa Pharmaceuticals, LLC*, 2023 WL 5227191, at *3 (N.D. Cal. Aug. 15, 2023) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim.") (citation and internal quotation marks omitted); *Monfort v. Adomani, Inc.*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) (collecting cases in the Northern District of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00482-FWS-JDE                              Date: March 14, 2024
Title: Joel Zalvin v. Michael Carrel *et al.*

"[W]hen the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004). Plaintiff does not argue that "the disposition required by [section 1441(b)(2's] text" is absurd, and the court finds applying the plain meaning of section 1441(b)(2) to the facts of this case would not produce "absurd or bizarre results." *See Dechow*, 358 F. Supp. 3d at 1055. Therefore, Defendant Axonics' removal was proper so long as the court has subject matter jurisdiction. *Gibbons*, 919 F.3d at 705.

Here, the court finds the Notice of Removal sufficiently establishes the court's subject matter jurisdiction under 28 U.S.C. § 1332 by alleging both complete diversity[5] and an amount in controversy greater than $75,000. (Dkt. 1 ¶¶ 10-14.) Plaintiff does not dispute that diversity jurisdiction exists or challenge removal on any other basis. (*See generally* App.) In sum, because the court has diversity jurisdiction under § 1332 and Defendant Axonics removed prior to being served, the court concludes removal is proper. The court also **DENIES** the Application on this alternative basis.

### III. Disposition

For the reasons set forth above, the Application is **DENIED.**

**IT IS SO ORDERED.**                                                 Initials of Deputy Clerk:  mku

---

holding that a forum defendant may remove before being served). The court adopts that reasoning here.

[5] The Notice of Removal specifically alleges that Plaintiff is a citizen of Florida and Defendants are citizens of Delaware, California, Massachusetts, Nevada, Pennsylvania, Illinois, Texas, and Montana. (Dkt. 1 ¶¶ 11-12.) These allegations are sufficient to demonstrate complete diversity. *See Lee*, 260 F.3d at 1004 ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").